Scott L. Levitt, Eq. (SBN 225036)
LEVITT LAW, APC
311 Main Street, Suite 8
Seal Beach, CA 90740
T: 562.493.7548
F: 562.493.7548
scott@levittlawca.com

Attorneys for Plaintiff
Our Clean Waters

E-FILED 2/27/18
JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Our Clean Waters, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>Valmont Industries, Inc., a Delaware corporation,<br><br>Defendant. | Case No.: 2:18-CV-00061<br><br>[~~PROPOSED~~] CONSENT DECREE<br><br>Complaint Filed: January 3, 2018 |

## CONSENT DECREE

This Consent Decree ("Consent Decree") is entered into between plaintiff Our Clean Waters ("OCW") and defendant Valmont Industries, Inc. (hereafter referred to as "Calwest") (all parties collectively are referred to as the "SETTLING PARTIES") with respect to the following facts and objectives:

## RECITALS

**WHEREAS**, OCW is a 501(c)(3) non-profit, public benefit corporation organized under the laws of the State of California, dedicated to working with communities to improve the social and natural environment.

**WHEREAS**, Calwest leases and operates the Calwest Galvanizing facility located at 2226 East Dominguez Street, Long Beach, CA 90810 (the "Facility").

Through June 30, 2015, the Facility previously operated pursuant to State Water Resources Control Board Water Quality Order No. 97-03-DWQ, National Pollutant Discharge Elimination System General Permit No. CAS000001, Waste Discharge Requirements for Discharges of Storm Water Associated with Industrial Activities Excluding Construction Activities ("1997 General Permit"). Beginning on July 1, 2015, the Facility has operated pursuant to State Water Resources Control Board Water Quality Order No. 2014-0057-DWQ, National Pollutant Discharge Elimination System General Permit No. CAS000001 (hereinafter "2015 General Permit").

**WHEREAS**, on or about August 2, 2017, OCW sent a Notice of Violations and Intent to File Suit ("Notice Letter") under the Federal Water Pollution Control Act (the "Clean Water Act" or "CWA") Section 505, 33 U.S.C. § 1365, to Calwest, the Administrator of the U.S. Environmental Protection Agency ("EPA"), the Regional Administrator for Region 9 of the EPA ("Regional Administrator"), the U.S. Attorney General, the Executive Officer of the Regional Water Quality Control Board, Los Angeles Region ("Regional Water Board"), and the Executive Director of the California State Water Resources Control Board ("State Water Board");

**WHEREAS**, on January 3, 2018, OCW, on behalf of itself, its members and the general public, filed the complaint in the United States District Court for the Central District of California, for the above-captioned action (the "Complaint");

**WHEREAS**, Calwest denies and does not admit any and all of OCW's allegations and claims in the Notice Letter and Complaint, including but not limited to that the alleged exceedances of Numerical Action Levels ("NALs") constitute violations of the 2015 General Permit;

**WHEREAS**, OCW and Calwest, through their authorized representatives, have chosen to resolve in full OCW's allegations in the Notice Letter and Complaint, including but not limited to all alleged violations of the 1997 General

Permit, 2015 General Permit, and the CWA, through settlement and to avoid the burden, cost and uncertainties of further litigation; and

**WHEREAS**, the Consent Decree is the product of good faith, arms-length negotiations and OCW and Calwest have agreed that it is in their mutual interest to enter into this Consent Decree setting forth the terms and conditions appropriate to resolving OCW's allegations set forth in the Notice Letter and Complaint.

**NOW, THEREFORE**, IT IS HEREBY STIPULATED BETWEEN THE SETTLING PARTIES AND IS HEREBY ORDERED AND DECREED BY THIS COURT AS FOLLOWS:

1. **Jurisdiction.** This Court has jurisdiction over the subject matter of this action pursuant to Section 505(a) of the Clean Water Act, 33 U.S.C. §1365(a);

2. **Venue.** Venue is proper in the Central District of California pursuant to Section 505(c)(1) of the Clean Water Act, 33 U.S.C. §1365(c)(1) because the Facility is located within this District;

3. **Effective Date.** The term "Effective Date," as used in this Consent Decree, shall mean the date that this Consent Decree is approved and entered by the Court.

4. **Termination Date.** The term "Termination Date" as used in this Consent Decree, shall mean the five (5) year anniversary of the Effective Date.

5. **Dismissal with Prejudice.** Upon approval and entry of this Consent Decree by the Court, the Complaint is dismissed with prejudice pursuant to Federal Rule of Civil Procedure § 41(a)(2).

6. **Retention of Jurisdiction.** The Court shall retain jurisdiction over this matter for purposes of interpreting, modifying or enforcing the terms of this Consent Decree until the Termination Date.

## COMMITMENTS

7. **Compliance with General Permit.** Calwest shall operate the Facility in compliance with the applicable requirements of the 2015 General Permit and the storm water requirements of the Clean Water Act, as in effect at such time.

8. **Implemented Storm Water Controls.** Calwest shall maintain in good working order all storm water Best Management Practices ("BMPs") at the Facility currently installed or to be installed pursuant to this Consent Decree, including but not limited to, existing housekeeping measures.

9. **Additional Best Management Practices.** Calwest shall implement the following new BMPs to improve the storm water pollution prevention measures at the Facility:

   (a) Within ninety (90) days of the Effective Date, demolish and remove the Plant 2 Baghouse near South Outfall;

   (b) Within one hundred and twenty (120) days of the Effective Date, install filter socks at storm runoff catch basins and the drainage swale, as set forth in Exhibits A and B; and

   (c) Within one hundred and eighty (180) days of the Effective Date, install a runoff treatment system on gutters, as set forth in Exhibit A.

10. **Confirmation of New BMPs.** Within two hundred and ten (210) days of the Effective Date, Calwest shall send written confirmation to OCW of the installation of the measures described above in Paragraph 9.

11. **Monitoring of Storm Water Discharges.** Calwest shall collect and analyze storm water discharges from the Facility in accordance with the 2015 General Permit, as in effect at such time. Results from the Facility's sampling and analysis during the term of this Consent Decree shall be uploaded to the State Water Resources Control Board's ("State Board") Storm Water Multiple Application and

Report Tracking System ("SMARTS") in accordance with the requirements of the 2015 General Permit, as in effect at such time.

12. **Additional and Alternative Measures.** As necessary, Calwest may alter its SWPPP for the Facility, including BMPs, provided it complies with the applicable requirements of the 2015 General Permit (or the applicable industrial storm water permit in effect at such time), the storm water requirements of the Clean Water Act, or as otherwise required to comply with the law. If the Facility's storm water sampling results indicate that storm water discharges from the Facility exceed the NALs as provided in the 2015 General Permit (unless otherwise designated by the Regional Board) or cause exceedances of applicable Receiving Water Limitations or Water Quality Standards in the Statewide Water Quality Control Plan or Regional Board Basin Plan, Calwest agrees to take responsive actions to improve its storm water management practices to address such exceedances attributable to its industrial sources, including re-evaluating its structural and non-structural BMPs and considering implementing additional BMPs aimed at reducing levels detected in storm water samples, to the extent required under the 2015 General Permit, as Calwest so reasonably determines or as directed by the Regional Board pursuant to its authority under the 2015 General Permit or by EPA under authority of the CWA, subject to and preserving Calwest's rights to contest and appeal such directives.

13. **Amendment of Storm Water Pollution Prevention Plan ("SWPPP").** Within sixty (60) days after the Effective Date, Calwest shall amend the Facility's SWPPP to incorporate all changes, improvements, and BMPs set forth in or resulting from this Consent Decree. Calwest shall ensure that the SWPPP, including maps, tables, and appendices, comply with the requirements of the 2015 General Permit and are uploaded to the SMARTs with such information as required under the 2015 General Permit.

14. **Environmental Project.** In recognition of the good faith efforts by Calwest to comply with all aspects of the General Permits and the Clean Water Act,

and in lieu of payment by Calwest of any penalties, which have been disputed by Calwest, the SETTLING PARTIES agree that Calwest shall pay the sum of $6,500.00 to the Rose Foundation for Communities and the Environment ("Rose Foundation"), a tax-exempt organization under Section 501(c)(3) of the Internal Revenue Code, for the sole purpose of providing environmentally beneficial projects relating to water quality improvements in the Los Angeles River Reach 2 watershed. Payment shall be mailed to: Rose Foundation, 1970 Broadway, #600, Oakland, CA 94612-2218, Attn: Tim Little, Executive Director (Tax ID number: 94-3179772). Payment shall be made by Calwest to Rose Foundation within ten (10) calendar days of the Effective Date. Calwest shall copy counsel for OCW on the correspondence to the Rose Foundation conveying the payment.

15.  **Reimbursement for OCW Fees, Costs, and Expenses.** In recognition of the good faith efforts by Calwest to comply with all aspects of the General Permits and the Clean Water Act, and in lieu of payment by Calwest of any penalties, which have been disputed by Calwest, the SETTLING PARTIES agree that Calwest shall pay the sum of $46,500.00 to OCW for reimbursement of any and all administrative, out of pocket, consulting, filing and legal and expert fees. In addition, such payment will constitute funding to OCW for any monitoring or enforcement of this Consent Decree through the Termination Date. Payment shall be made to Levitt Law, APC – Client Trust (Tax ID number: 45-4603213) and mailed to Levitt Law, APC – Client Trust, as follows: 311 Main Street, #8, Seal Beach, CA 90740. Payment shall be made by Calwest to OCW within ten (10) calendar days of the Effective Date. Except as set forth in this Paragraph 15, the SETTLING PARTIES shall each bear their own costs, expenses and attorney's fees, including all costs of litigation, court costs, investigative, expert and attorneys' fees, and any other costs incurred that have or could have been claimed in connection with the Notice, Complaint, and Consent Decree, up to, including and after the

Court's entry of this Consent Decree and for implementation, monitoring and enforcement thereof.

16. **Review by Agencies and Court Approval.** Within five (5) days of filing the Complaint, OCW shall serve a copy of this Consent Decree to the U.S. EPA, the Regional Administrator, and the U.S. Department of Justice (hereinafter, the "Agencies") for review consistent with 40 C.F.R. § 135.5. The Agencies' review period shall expire forty-five (45) days after receipt of the Consent Decree by all Agencies, as evidenced by the return receipts. In the event that any of the Agencies object to the provisions of this Consent Decree, OCW and Calwest agree to meet and confer to attempt to resolve the issue(s) raised by the Agencies. If OCW and Calwest are unable to resolve any issue(s) raised by the Agencies, OCW and Calwest agree to consent to and expeditiously seek a settlement conference with a Magistrate Judge. If the SETTLING PARTIES cannot resolve the issue(s) through a settlement conference, including to the satisfaction of the Agencies, this Consent Decree shall be null and void. The date of (a) the Agencies' unconditional approval of this Consent Decree, (b) the expiration of the Agencies' review period, or (c) the SETTLING PARTIES' resolution of all issues raised by the Agencies, whichever is earliest, shall be defined as the "Agency Approval Date." Within ten (10) calendar days of the Agency Approval Date, OCW shall file this [Proposed] Consent Decree with the Court to request its approval and entry.

17. **No Admission or Finding.** This Consent Decree, nor any payment pursuant to the Consent Decree, nor compliance with this Consent Decree shall constitute evidence or be construed as a finding, adjudication, or acknowledgment of any fact, law, or liability, nor shall it be construed as an admission of liability, violation, interpretation of any law, rule or regulation, or waiver of any defense. However, this Consent Decree may constitute evidence in actions seeking

compliance with this Consent Decree. Evidence of the payment amount may be used to enforce the payment provisions of this Consent Decree.

18. **Release of Liability and Covenant Not to Sue.** In consideration of the above, and except as otherwise provided by this Consent Decree, OCW hereby fully releases Calwest and its parents, affiliates, subsidiaries, divisions, sister corporations, insurers, successors, assigns, and current and former employees, attorneys, consultants, officers, directors, members, shareholders, and agents ("Releasees") from and waives any and all claims and demands of any kind, nature, or description whatsoever, known and unknown, and any and all liabilities, damages, injuries, actions or causes of action, either at law or in equity, against Releasees, which it may presently have, or which may later accrue or be acquired by it, arising from or related to the CWA, the Complaint or Notice Letter, including, without limitation, all claims for injunctive relief, administrative action, damages, penalties, fines, sanctions, mitigation, fees (including fees of attorneys, experts, and others), costs, expenses or any other sum incurred or claimed or which could have been claimed under the CWA, in the Complaint or Notice Letter, including but not limited to the alleged failure of Releasees to comply with the Clean Water Act, occurring prior to and including the Termination Date.

19. **Civil Code § 1542 Waiver.** OCW acknowledges that they are familiar with section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

OCW hereby waives and relinquishes any rights or benefits they may have under California Civil Code section 1542 with respect to all and any other claims against Releasees arising from, or related to, the allegations and claims as set forth or which could have been claimed under the CWA, in the Notice Letter or

Complaint occurring prior to and including the Termination Date of this Consent Decree.

20. **No Further Actions.** For the period beginning on the Effective Date and ending on the Termination Date, neither OCW, nor its officers, staff, members (including but not limited to its Steering Committee), consultants, or counsel will bring any enforcement action or pursue or take any action with respect to any statutory or common law claim, to the full extent that any of the foregoing were or could have been asserted by OCW against the Releasees, including but not limited to Calwest, under the CWA, in the Complaint, the Notice, or covered by this Consent Decree, except as provided for in this Consent Decree, nor will they file or support other claims or lawsuits, by contacting, providing financial assistance or personnel time or taking any other affirmative actions, against or relating to the Releasees, including but not limited to Calwest, or the Facility by other groups or individuals who would rely upon or pursuant to the citizen suit provision of the CWA or any other statutory or common law claim, to challenge the Releasees' (including Calwest's) or the Facility's compliance with the CWA, or the 1997 General Permit or 2015 General Permit.

21. **Preclusive Effect.** This Consent Decree is a final and binding resolution between OCW, on his own behalf, on behalf of its members, and on behalf of the public and in the public interest, and Calwest regarding the matters addressed in this Consent Decree and shall have preclusive effect to the maximum extent possible under the law such that no other person or entity, whether purporting to act in his, her or its interests or the public interest shall be permitted to pursue and/or take action with respect to any claim or violation that was alleged in the Complaint, that could have been brought pursuant to the Notice or that is addressed by and subject to this Consent Decree.

22. **Dispute Resolution Procedures.** Except as specifically noted herein, any disputes with respect to any of the provisions of this Consent Decree shall be

resolved through the following procedure. The SETTLING PARTIES agree to first meet and confer in good faith to resolve any dispute arising under this Consent Decree. In the event that such disputes cannot be resolved through this meet and confer process, the SETTLING PARTIES agree to consent to and request a settlement conference before a Magistrate Judge. In the event that the SETTLING PARTIES cannot resolve the dispute by the conclusion of the settlement meeting with the Magistrate Judge or if a Magistrate Judge is not assigned, the SETTLING PARTIES agree to submit the dispute via motion to the Court.

## GENERAL PROVISIONS

23. **Force Majeure.** Calwest will notify OCW if timely implementation of Calwest's respective duties under this Consent Decree becomes impossible due to circumstances beyond the control of Calwest or its agents, and which could not have been reasonably foreseen and prevented by the Calwest's exercise of due diligence. Any delays due to Calwest's respective failure to make timely and bona fide applications and to exercise diligent efforts to comply with the terms in this Consent Decree will not, in any event, be considered to be circumstances beyond the Calwest's control.

   (a) If Calwest claims impossibility, it will notify OCW in writing within twenty (20) business days of the date that Calwest discovers the event or circumstance that caused or would cause non-performance with the terms of this Consent Decree, or the date that Calwest should have known of the event or circumstance by the exercise of due diligence. The notice must describe the reason for the non-performance and specifically refer to this section of this Consent Decree. The notice must describe the anticipated length of time the non-performance may persist, the cause or causes of the non-performance, the measures taken or to be taken by Calwest to prevent or minimize the non-performance, the schedule by which the measures will be implemented, and the anticipated date of compliance.

Calwest will adopt all reasonable measures to avoid and minimize such non-performance.

(b) The SETTLING PARTIES will meet and confer in good faith concerning the non-performance and, if the SETTLING PARTIES concur that performance was or is impossible, despite the timely good faith efforts of Calwest, due to circumstances beyond the control of Calwest that could not have been reasonably foreseen and prevented by the exercise of due diligence by Calwest, new performance deadlines will be established.

(c) If OCW disagrees with Calwest's notice, or in the event that the SETTLING PARTIES cannot timely agree on the terms of new performance deadlines or requirements, either SETTLING PARTY may invoke the dispute resolution process described in Paragraph 22 of this Consent Decree. In such proceeding, Calwest will bear the burden of proving that any delay in performance of any requirement of this Consent Decree was caused or will be caused by force majeure and the extent of any delay attributable to such circumstances.

24. **Construction.** The language in all parts of this Consent Decree shall be construed according to its plain and ordinary meaning, except as to those terms defined by law, in the 2015 General Permit, and the CWA or specifically herein, and shall not be construed against the drafting party.

25. **Choice of Law.** This Consent Decree shall be governed by the laws of the United States, and where applicable, the laws of the State of California.

26. **Severability.** In the event that any provision, section, or sentence of this Consent Decree is held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

27. **Correspondence.** All notices required herein or any other correspondence pertaining to this Consent Decree shall be sent by certified mail, overnight mail, or e-mail as follows:

If to OCW:

Laura Meldere, Executive Director
9465 Wilshire Blvd., Suite 300
Beverly Hills, CA 90212

Copy to:

Scott L. Levitt, Esq.
LEVITT LAW, APC
311 Main Street, Suite #8
Seal Beach, CA 90740
(562) 493-7548

If to Calwest:

Calwest Galvanizing
Valmont Industries, Inc.
Attn: Isaac Maldonado,
   General Manager
2226 East Dominguez Street
Long Beach, CA 90810

Copy to:

Manatt, Phelps, & Phillips, LLP
Mr. Peter Duchesneau, Esq.
11355 W. Olympic Blvd.,
Los Angeles, CA 90064
pduchesneau@manatt.com

Notifications of communications shall be deemed submitted on the date that they are e-mailed, postmarked and sent by certified mail, or deposited with an overnight mail/delivery service. Any change of address or addresses shall be communicated in the manner described above for giving notices.

28. **Counterparts.** This Consent Decree may be executed in any number of counterparts, all of which together shall constitute one original document. Telecopied, scanned (.pdf), and/or facsimiled copies of original signature shall be deemed to be originally executed counterparts of this Consent Decree.

29. **Assignment.** Subject only to the express restrictions contained in this Consent Decree, all of the rights, duties and obligations contained in this Consent Decree shall inure to the benefit of and be binding upon the SETTLING PARTIES, and their successors and assigns.

30. **Modification of the Consent Decree.** This Consent Decree, and any provisions herein, may not be changed, waived, discharged or terminated (except pursuant to Paragraph 4), unless by a written instrument, signed by the SETTLING PARTIES and approved by the Court or otherwise ordered by the Court.

31. **Full Settlement.** This Consent Decree constitutes a full and final settlement of this matter. It is expressly understood and agreed that the Consent

Decree has been freely and voluntarily entered into by the SETTLING PARTIES with and upon advice of counsel.

32. **Integration Clause.** This is an integrated Consent Decree. This Consent Decree is intended to be a full and complete statement of the terms of the agreement between the SETTLING PARTIES and expressly supersedes any and all prior oral or written agreements covenants, representations and warranties (express or implied) concerning the subject matter of this Consent Decree.

33. **Authority.** The undersigned representatives for OCW and Calwest each certify that he/she is fully authorized by the party whom he/she represents to enter into the terms and conditions of this Consent Decree.

1  The SETTLING PARTIES hereby enter into this Consent Decree, Order and
2  Final Judgment and submit it to the Court for its approval and entry as a final
3  judgment,

| VALMONT INDUSTRIES, INC. | OUR CLEAN WATERS |
|---|---|
| By: *(signature)* <br> Name: R. Andrew Massey <br> Title: VP, Legal <br> Date: 1/3/18 | By: *(signature)* Laura Meldere <br> Name: <br> Title: Executive Director <br> Date: 1/2/18 |
| Approved As To Form: <br> For: Defendant <br> By: *(signature)* <br> Name: Peter R. Duchesneau <br> Manatt, Phelps & Phillips, LLP <br> Date: 1/3/18 | For: Plaintiff <br> By: *(signature)* <br> Name: Scott L Levitt <br> Levitt Law, APC <br> Date: 1/2/18 |

**IT IS SO ORDERED.**

Date: 2/27/18

_____
Honorable
United States District Court Judge
Central District of California

## CERTIFICATE OF SERVICE

I certify that on  1/3/18  I caused the foregoing **CONSENT DECREE** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notifications of such filings to all parties.

DATED:  1/3/18

*Levitt Law, APC*

By: /s/ *Scott L. Levitt, Esq.*

# EXHIBIT A



# EXHIBIT B



## CERTIFICATE OF SERVICE

I certify that on ___1/3/18___ I caused the foregoing **CONSENT DECREE** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notifications of such filings to all parties.

DATED: ___1/3/18___                                  Levitt Law, APC

                                                     By: /s/ Scott L. Levitt, Esq.